F. S. HEWES, CLERK OF BOARD OF SUPERVISORS *v.* W. R. LANGFORD.

[62 South. 358.]

CONSTITUTION 1890, SECTION 90, PAR. P. *Local and special laws. Schools. Establishment. Incorporating. Laws 1912, chapter 288.*

Laws 1912, chapter 288, authorizing the school board of Harrison county to establish a separate school district in that county is violative of constitution 1890, section 90, paragraph "P." providing that the Legislature shall not pass local or special laws for the management or support of any private or common school, or incorporating the same; but such matters shall be provided for only by general laws.

APPEAL from the circuit court of Harrison county.
HON. T. H. BARRETT, Judge.
Petition by W. R. Langford against F. S. Hewes, Clerk of the Board of Supervisors for mandamus to compel respondent, as clerk of the board, to issue a warrant for the payment of certain teachers' certificates. A demurrer having been interposed to defendant's answer, and sustained, the writ was ordered and respondent appeals.
The facts are fully stated in the opinion of the court.

*Whitfield, McNeil & Whitfield,* for appellant.

Section 90 of the constitution of 1890 is in the following words: ''The legislature shall not pass local, private or special laws in any of the following enumerated

cases, but such matters shall be provided for only by general laws, viz:

(p) Providing for the management or support of any private or common school, incorporating the same, or granting such school any privileges."

The legislature of the state of Mississippi, in pursuance of said section 90 of the Constitution of Mississippi of 1890, enacted section 4530 of the Code of 1906, which is in the following words: "Any municipality, by an ordinance of the mayor and board of aldermen thereof, or any unincorporated district of not less than sixteen square miles, by the county school board, on a petition of· a majority of the qualified electors therein, may be declared a separate school district, but shall not be entitled to the rights and privileges of a separate school district unless a free public school be maintained therein for a term of at least seven months in each scholastic year."

Said section 4530 is a general law, as provided by the constitution, and applicable to every county in the state, and provides an express minimum limitation on the area of every separate school district created or established out · of any unincorporated district, to-wit: Sixteen square miles, and is the complete and sole authority for the creation of municipal or rural separate school districts and is clearly constitutional and valid.

Furthermore, said section 4530 of the Code of 1906 has been construed by this court in the case of *Jones County* v. *Grisson et al.,* 52 So. 629, where MAYES, C. J., speaking for the court, says: "Section 4530 of the Code of 1906, authorizes a separate school district to be created out of 'any unincorporated district of not less than sixteen square miles, by the county school board, on a petition of the majority of the qualified electors therein.' This section, interpreted in the light of the other sections dealing with this subject, leaves no doubt in our minds but that each county must act for itself, and no separate

school district of any unincorporated territory can be created, unless it is wholly within the county and contain not less than sixteen square miles. The only exception to this is found in section 4533 of the Code. This last section (that is, 4533) allows separate school districts to be created out of 'any part of a county or counties adjoining a municipality which is a separate school district,' to be included in such district, when a petition is filed for this purpose.''

And yet, in the face of subsection (p) of section 90 of the Constitution of 1890, and also directly in the face of section 4530 of the Code of 1906, passed in pursuance of the constitutional provision, the legislature of 1912 did enact chapter 288 of the Laws of 1912.

It is perfectly manifest from a mere reading of said act that the territory described therein is greatly less than sixteen square miles, as required by the general law, section 4530 of the Code of 1906, applicable to every county in the state, and it is further perfectly manifest that said act is applicable only to Harrison county, Mississippi, and no other. county said act is therefore necessarily and manifestly a special act, a local act, and a private act in direct conflict with section 90 of the Constitution of 1890, which mandatorily and expressly requires that the legislature shall not pass local, private or special laws providing for the management or support of any private or common school incorporating same or granting such school any privileges. Chapter 288 of the Laws of 1912 plainly undertakes to incorporate a separate school district out of unincorporated territory. In other words, it undertakes to incorporate or establish a common school in Harrison county, Mississippi, by an act which is necessarily local and special and has no applicability to any other county than Harrison county, Mississippi. Not only is it not a general law, as required by the Constitution, but it is in direct conflict with the general law passed in pursuance of the constitutional pro-

vision, in that the area described is less than sixteen square miles, and in direct conflict with the opinion of this court in *Jones County* v. *Grisson et al.,* already quoted from.

It would seem that a mere reading of the constitutional provision, followed by a reading of this statute, would be entirely sufficient to convince the court beyond all doubt that the act is manifestly and beyond all doubt unconstitutional and void, and that, therefore, the circuit court erred in sustaining the demurrer to appellant's answer to the petition for a writ of mandamus, and that the court should have overruled the demurrer promptly, and have denied the writ of mandamus and held that chapter 288 of the Laws of 1912, in pursuance of which, as expressly set out in the petition of appellee, the separate school district was established by the county school board of Harrison county, was unconstitutional and utterly void, for the reasons above pointed out. The question really seems too plain for extending argument, and in fact, almost too plain for any argument at all. In the case of *Turner* v. *City of Hattiesburg,* 53 So. 681, SMITH, J., speaking for the court said:

"Another objection urged is that 'the said act of the legislature creating said Mississippi Normal College and the said act of the legislature authorizing municipalities to make donations therefore are violative of subdivision 'p,' section 90 of the Mississippi Constitution, which makes it unlawful for the legislature to pass any local, private, or special laws "providing for the management or support of any private or common school, incorporating the same or granting such school any privileges," and that 'said act of the legislature creating said Mississippi Normal College is violative of article eight of the Mississippi Constitution, which makes it the duty of the legislature to establish a uniform system of free public schools in the state and to provide for the government of the same.' This college is neither a private

nor a common school.  It is a college established for the
purpose of enabling the state to equip its teachers for
service in its common schools, and, consequently, neither
of these objections are well taken.''  From which quota-
tion it is perfectly manifest and obvious that the court
would have held said objections to be well taken, if only
the normal college had been a common school, which is
the case in the record now before the court.

We, therefore, take it that this court has already passed
on the direct and identical question presented by this
record, for solution by this court, inferentially at least,
in the case of *Turner* v. *Hattiesburg* and that this court
has also dealt with the same subject in the case of *Jones
County* v. *Grisson et al.,* 52 So. 630, and that surely a
careful reading of these two decisions of this court on
this question will be conclusive and lead the court ines-
capably to the conclusion that said chapter 288 of the
Laws of 1912, in pursuance of which the school board of
Harrison county, Mississippi, attempted to create the
separate school district involved in this controversy, is
absolutely unconstitutional, null and void, and that there-
fore this case must be reversed and the petition of ap-
pellee dismissed, as was done in the case of *Jones County*
v. *Grisson et al.,* above cited.

*George S. Doods* and *Mayes & Mayes,* for appellee.

In 1912 the legislature passed an act authorizing the
school board of Harrison county to establish a separate
school district in Harrison county.  The court will note
that this act authorized the school board of Harrison
county to do this, which seems to be a little departure
from the law as it was before the passage of this act.
See Laws 1912, page 350, chapter 288.

The act above referred to authorized the school board
to establish a separate school district in Harrison county,
containing the territory described in the body of the
act, which it seems was less than sixteen square miles

as has been required by section 4530, Code 1906. In other words, the general law requires that separate school districts be composed of sixteen square miles, but this act set out the territory which should be included in the school district authorized to be created by it.

We take it, therefore, that if the act is constitutional in so far as it conflicts with section 4530 of the Code of 1906, the section of the Code of 1906 is repealed by it. In other words, counsel for the appellant argue as one of the grounds for assailing the validity of the act that it is in conflict with section 4530 of the Code of 1906, in that it allows a separate school district to be created out of less territory than is allowed to be done by the section of the code referred to. It seems to us that a complete answer to this argument is that if this is true and the act of 1912 violates no provision of the constitution the effect of the act, being later in time than the adoption of the Code, is to repeal the code in so far as the code section conflicts with the act in question. We think no citation of authorities is needed in reference to this statement of law, but if it is see *Ex parte McInnis,* 98 Miss. 773.

Before proceeding to examine this act for the purpose of determining whether or not it is violative of any provision of the constitution of the state, it is well to keep in mind the manner in which this examination must be made, that is to say to become impressed with the caution and care that controls the court when it seizes upon an act of the legislature for the purpose of determining its constitutionality. The well settled rule in this state is that no act of the legislature will be declared unconstitutional unless it is so manifestly so as to exclude every reasonable doubt. We think, our court is firmly committed to this view of the law by numerous decisions. For the announcement of the court on this subject we refer to the following authorities: *N. & S. R. R. Co. v. Cranford,* 99 Miss. 697.

The most that can be said of this law is that it is a local law.   There is·nothing in the act itself that says there is not sixteen square miles, but from the metes and bounds as shown in the act that it would be less than six-teen square miles.   If this is true, then the legislature in its wisdom has seen fit to pass a local law authorizing the school board of Harrison county to establish a separate school district in a less territory than is allowed by the general law on that subject.   Is there anything unconstitutional about this?   Let us see.

Local legislation is not prohibited by the constitution of the state; local laws may be passed where, in the wisdom of the legislature, it is advantageous to pass such laws.   Local laws are prohibited from being passed where the local law is enacted "for the benefit of individuals or corporations, in cases which are or can be provided for by general laws, or where the relief sought can be given by any court of this state."   These are the only instances in which the constitution prohibits the passage of local laws, but the same section of the constitution does give power to pass laws unless in the judgment of the legislature the general law can be made applicable and would be more advantageous.   In other words, the power is left in the legislature to pass local laws: First, where the general law cannot be made applicable; and, second, in a case where, even though the general law could be made applicable, it would not be as advantageous as a special law.   See section 87 of the Constitution.

We say, therefore, that if this act is sought to be invalidated upon the theory that it is a local law, it cannot be nullified for the reason that the constitution does not prohibit the passage of such a law, except in particular cases, and this act does not fall within the class of local acts which the legislature is forbidden to pass.

We come now to the specific section that it is claimed that the act violates, that is section 90.   When the court

examines this section it will see that it does not prohibit the legislature from passing local, private or special laws, except in the particular cases enumerated in the paragraph which follows. We say, *en passant*, that the heading of this section shows that it was never the purpose of the constitution to take away from the legislature the power to pass local laws when in their judgment the legislature thought it necessary. This section emphasizes the argument which we make in reference to section 87; if it had been the design of the constitution to say that no local laws should be passed it would have said so in plain language, but it does not do this. Section 87 allows local laws and section 90 does not prohibit the passage of local laws, except in certain enumerated cases.

But it is claimed that the particular paragraph of section 90 which is violated by this act is paragraph p. We will turn now to the examination of this paragraph of the constitution. It provides that there shall be no local or special law "providing for the management or support or any private or common school, incorporating the same, or granting such school any privileges." When the court examines the act in question it will see that it does not undertake to do any of the things which paragraph p prohibits. It is managed as any other separate school district; it is supported as any other separate school district. There is no pretense that theye is any attempt to incorporate it nor is there any privilege granted to it unless it may be said that it is a privilege to be allowed to be created of a less territory than the general law allows for other schools. But, we think that this would be farfetched argument. Privilege has no such meaning as this in the constitution. If the court will turn to vol. 6, Words and Phrases, it will find a multitude of authority defining what is meant by privilege. The tersest definition which we can give of it here is that it is defined to be some immunity or advantage. Cer-

tainly, taxing people in a smaller territory for keeping up a separate school district which involves increased taxes cannot be said to be given them any immunity or advantage. It may be just the reverse; the greater the number of people among whom to distribute the taxation, the less the burden. When the constitution said that there should be no special law passed granting schools any privileges, it meant granting them any immunities. It did not mean to say that allowing separate school districts to be created out of greater or less territory was any privilege prohibited by it. The truth is that under the law as it now stands, there is no uniformity in the number of square miles required to be in any particular district. All that was required by section 4530 was that the district should contain not less than sixteen square miles. We therefore say that there was no uniformity in the territory which was required in these school districts, even before the law of 1912, except that they should not have less than sixteen square miles. It could be just as readily contended that a school district having twenty square miles had a privilege granted it over one having sixteen, as that one having less than sixteen has some peculiar privilege granted it over one having sixteen or over. In other words, the constitution did not mean by privilege that definite territories in which school districts might be created might not be authorized.

Counsel refer to the case of *Jones County* v. *Grisson, et al.,* 52 So. 629, and the case of *Turner* v. *City of Hattiesburg,* 53 So. 681. We think when the court examines these two decisions it will see that these cases have no bearing on the question involved in this case. The cases have been so recently decided, and the court is so thoroughly familiar with the principles involved in these cases that we do not think it necessary to discuss them here.

*M. D. Brown,* for appellee.

We take the position and contend that section 90, subdivision p of the Constitution of the state of Mississippi is not violated by the passage of chapter 288 of the Laws of 1912, which act empowers the county school board of Harrison county to create the territory, described in that chapter into a separate school district.

It is true that the legislature had to be appealed to to get the relief sought in creating this territory into a separate school district, on account of section 4530 of the Code of 1906; but our contention is that chapter 288 of the Laws of 1912 does not violate that section of the Code of 1906, nor does it violate section 90, subdivision p of the constitution of 1890.

First, as to whether or not it is in conflict with subdivision p, section 90 of the Constitution. The Act of 1912 is not local, private, or special, because it does not give, grant, or confer any additional power that is not possessed and enjoyed by any and all other separate school districts in the state. It does not contain the sixteen square miles which is required by section 4530 of the Code of 1906. Every separate school district created under that act, section 4530, Code of 1906, is given certain powers and privileges which are covered by the general law; and the Mississippi City Separate School District, created under chapter 288, Act of 1912, possesses and uses the same authority, the same power, the same privileges, no more and no less, than all the other separate school districts created under the general law, section 4530 of the Code of 1906.

The case of *Jones County* v. *Grisson,* 52 So. 629, relied upon by appellant is not in point, because in that case the court was dealing with a separate school district attempted to be created within the two counties of Smith and Jones; that is the district attempted to be created was located partly in Smith county, and partly in Jones county, and the statute is plain that a separate

school district of a municipality, which is altogether different from this case in that all of the territory in the case at bar is within Harrison county.

Further in support of the position of counsel for appellant they cite the case of *Turner* v. *City of Hattiesburg,* 53 So. 681, where subdivision p. of section 90 of the Mississippi Constitution was being discussed, and in which they say that it is decided, at least inferentially, that had the court been dealing with a private or common school it would have decided the act unconstitutional. The very fact that in that opinion it is stated that ''this college is neither a private nor a common school. It is a college established for the purpose of enabling the state to equip its teachers in its common schools;'' shows clearly that what was said in this opinion could not aid in a different case, as the one at bar, which is dealing with a common school; and whatever may have been said with reference to private or common schools in the case of *Turner* v. *City of Hattiesburg* could not be authority in a case where a separate school district is in question which has no privileges that any other separate school district in the state does not have.

If chapter 288, Acts of 1912 gave the separate school district created by it any special privileges, any authority, any power that was not possessed by any other separate school district, then the contention of counsel for appellant would be tenable.

On the contrary, unless it is given some special privilege, authority, or power, it is not private, local, nor special legislation, and the lower court was correct in sustaining the demurrer to the answer of the appellant and in ordering appellant to perform a mere ministerial act, to-wit: to issue the certificate as he is required by section 4566 of the Code of 1906 to do. Chapter 288 of the Acts of 1912, empowered the county school board to create a separate school district, and the separate school district, as created by the county school board, is not

105 Miss. 25

managed differently, nor are any privileges granted to the school other than are provided for in every other separate school district in the state of Mississippi.

Argued orally by *G. Q. Whitfield* for appellant and *Robert B. Mayes* and *George S. Doods,* for appellee.

COOK, J., delivered the opinion of the court.

This is an appeal from the circuit court of Harrison county, Miss. W. R. Langford, appellee here, filed a petition in the circuit court, praying for the issuance of a writ of mandamus by the circuit court, commanding and compelling F. S. Hewes, clerk of the board of supervisors of Harrison county, appellant here, to issue a warrant on the county treasury for the amount of forty-four dollars, being the amount of a teacher's pay certificate which said Langford claimed to be entitled to for his services rendered as teacher in said Mississippi City rural separate school district, and to issue other warrants on said fund on other pay certificates.

To said petition for mandamus F. S. Hewes, appellant here, filed an answer in the court below, setting up that chapter 288 of the Laws of 1912, which authorized the school board of Harrison county, Miss., to establish a separate school district in said county containing certain described territory less than 16 square miles in area, was unconstitutional and void, being in conflict with section 90, par. "p," of the Constitution of 1890, and section 4530 of the Code of 1906.

To the answer a demurrer was interposed, the demurrer was sustained, and the writ of mandamus was ordered by the court. From this judgment the clerk of the board of supervisors prosecutes this appeal.

Section 90 of the Constitution of 1890 is in the following words: "The legislature shall not pass local, private, or special laws in any of the following enumerated cases, *but such matters shall be provided for only by gen-*

*eral laws,* viz.: . . . (p) Providing for the manage-
ment or support of any private or common school, incor-
porating the same, or granting such school any privi-
leges.''

The legislature of the state of Mississippi, in pursu-
ance of said section 90 of the Constitution of Mississippi
of 1890, enacted section 4530 of the Code of 1906, which
is in the following words: ''Any municipality, by an
ordinance of the mayor and board of aldermen thereof,
*or any unincorporated district of not less than sixteen
square miles,* by the county school board, on a petition
of a majority of the qualified electors therein, may be de-
clared a separate school district, but shall not be entitled
to the rights and privileges of a separate school district
unless a free public school shall be maintained therein
for a term of at least seven months in each scholastic
year.''

Chapter 288 of the Laws of 1912 is entitled ''An act to
authorize the school board of Harrison county to estab-
lish a separate school district in Harrison county,'' and
reads as follows: ''Section 1. Be it enacted by the legis-
lature of the state of Mississippi, that the school board
of Harrison county, Miss., is hereby authorized to estab-
lish a separate school district in said county, contain-
ing the territory described and bounded as follows:
. . . The south half of section 36, township 7, range 11
west, and the south half of section 31, township 7, range
10 west, and all of the fractional section 32, township 7,
range 10 west, and all the fractional section 1, town-
ship 8, range 11 west, and all the fractional section 6,
township 8, range 10 west, and bounded on the north
by the town of Handsboro, and section 29, township 7,
range 10 west, and on the east by section 33, township
7, range 10 west, and on the south by Mississippi Sound,
or the Gulf of Mexico, and on the west by the city of
Gulfport, Mississippi.''

In obedience to the mandate of section 90 of the Constitution the legislature passed section 4530 of the Code, providing a method whereby separate school districts may be established. This section is the general law, and is applicable to the entire state. Chapter 288 of the Laws of 1912, by its terms, is confined in its operation to Harrison county alone. Without disguise, it is a local law, and this, we understand, is admitted by counsel for appellee; but they deny that it violates paragraph "p" of section 90 of the Constitution. It is urged that section 87 of the Constitution authorizes the enactment of special or local laws where the same would be more applicable and more *advantageous* than a general law.

Stated differently, the argument is that, where general laws are not applicable or advantageous, then the legislature may remedy the situation by a local or special statute. With this premise, it is urged that the territory in Harrison county described by chapter 288 of the Laws of 1912 stands in a class by itself, and that the general law in reference to the establishment of special school districts cannot be fitted to the territory, and that chapter 288 of the Laws of 1912 provides the only means by which this local situation can be taken care of.

It is evident to our minds that the makers of the constitution, by section 90 thereof, anticipated and answered this argument. Experience had made the convention wise to the many evils lurking in special and local legislation, and so it is legislation concerning the several subjects mentioned in section 90 *must be* general, and local or private laws touching any of the enumerated subjects "shall not pass," although it may be that the general law in force is not sufficiently elastic to cover the situation. It is hardly conceivable that a general law could not be so framed as to afford relief to the territory described in chapter 288 of the Laws of 1912; but, be that as it may, the language of section 90 of the Constitution is unambiguous, and expressly forbids the enactment of

special or local laws "providing for the management or
support of any private or common school, incorporating
*the same,* or granting *such* school any privileges."

It is urged that the act under review does not incorpo-
rate the special district, nor does it undertake to provide
for the management or support of same, nor does it grant
"such school any privileges." The definition given to
the word "incorporating" is, to our mind, entirely too
technical and narrow. In a technical sense, common
schools are not incorporated, this word being usually
employed in speaking of the creation of private corpora-
tions; but as used in the constitution it is made to apply
to common schools and to private schools alike, and this
we think is obvious from the context.

The exact thing that chapter 288 seeks to and does ac-
complish is simply this: A certain people residing in a
circumscribed area, by the action of the board of super-
visors of Harrison county, are afforded the "privileges"
of a special school district. The order of the board of
supervisors incorporates the school, and the school thus
incorporated is thereby granted privileges not enjoyed
by any similar area within the borders of the state.

The mandate of the Constitution must be obeyed, even
when our neighbors and friends are discommoded, and
while this statement may be trite the principle announced
is not always recognized, and, if recognized, is not al-
ways accepted.

                                *Reversed, and case dismissed.*