SCARBROUGH *v.* McADAMS CONSOL. SCHOOL DIST.

[87 South. 140, No. 21587.]

1. STATUTES. *Consolidated school is "common school" controlled by general laws within provision as to local laws.*
   A consolidated school is a common school in the constitutional sense and is controlled by the general laws of the state.

2. STATUTES.. *Special act, authorizing bond issue for school building in particular district, violates Constitution.*
   A special act, authorizing the issuance of bonds, for building and equipping a consolidated school, violates section 90 (p) of the Constitution of 1890.

APPEAL from chancery court of Attala county.
HON. J. G. McGOWEN, Chancellor.

Suit by the McAdams Consolidated School District against Frank W. Scarbrough. From a judgment for the district, defendant appeals. Reversed and dismissed.

*J. A. Teat,* for appellant.

Chapter 294, Laws 1918, purports to authorize the board of supervisors of Attala county, Mississippi, to levy taxes upon the McAdams public school district to aid in the building, equipping and establishment of an agricultural high school. It will be noted by the orders of the board of supervisors of Attala county, appearing of record page 23-25; R. 26-31 and R. 32-37, etc., that the board of supervisors of Attala county were undertaking to issue bonds in the sum of five thousand dollars upon the McAdams consolidated school district for the sole purpose of establishing an agricultural high school for Attala county.

In view of chapter 76 of Hemingway's Code, sections 3419-3433, providing for the establishment of County Agricultural high schools and for the provisions therein for the maintenance of the same by levying taxes on the entire county as provided in section 34020, we note a very marked difference in the private act under consideration, chapter 294, Laws 1918. In the first place it will be noted that said chapter 294 is a special and private act authorizing the unusual privilege of taxing a public school district for the purpose of establishing an agricultural high school. This special Act of 1918 is in conflict with the Code, chapter 76, Hemingway's Code, providing for the establishment and maintenance of agricultural high schools.

The purpose of counsel for appellee to differentiate in their briefs the agricultural high school from the ordinary public school is not in any measure borne out when said chapter 294, Laws 1918, is examined. It is the purpose and likewise the effect of said chapter to single out the McAdams consolidated school district from all of the territory of Attala county and impose upon it the burden of

taxation for the purpose of establishing said agricultural high school.

This in no measure exempts this territory from taxation under section 3420, of Hemingway's Code, providing that the board of supervisors shall levy on all of the taxable property in the county to support and maintain such agricultural high schools.

The existence of such agricultural high school makes it compulsory upon the board of supervisors to levy the tax upon all of the property in the county to support and maintain it. It must be conceded that said chapter 294, Laws 1918, is an act providing for the management or support of a common school and granting it the privilege of taxing its citizens for the purpose of adding to its common school, the agricultural high school. · It is a very distinctive privilege being granted to said McAdams consolidated school, that is, the granting to it the special authority to tax its citizenship upon a special tax for the purpose of adding to its common school, an agricultural high school. It is a very distinct privilege granted to such school to tax the property in its territory to maintain an agricultural high school for the entire county of Attala.

This is not a minor question or consideration in view of the fact that it is a direct effort to double the taxes on one school district for the establishment and maintenance of an agricultural high school for the county. We respectfully submit that the very principal here involved is shown in the cases of *State Board of Education* v. *Pridgen*, 106 Miss. 219, 63 So. 416, and in the case of *Cage* v. *State*, 105 Miss. 326, 62 So. 358.

It is perfectly manifest that the said act of the legislature, chapter 294, Laws of 1918, is a private and special law applied to the McAdams consolidated public school district. We are not disposed to argue with counsel as to the good or evil effect of this particular chapter, but it is readily seen that the evil effects shown in this particular law is such as to warrant the most rigid adherence to the provisions of the constitution as written.

*Thomas Land,* for appellee.

Counsel says that the special Acts of 1918 is in conflict
with the chapter on the Establishment of Agricultural
Schools at Large, and that it is its purpose to single out
this special district of Attala county, Mississippi, and levy
a tax upon that district to build an agricultural school for
Attala county, Mississippi. Thus by his argument making
it that the board of supervisors of Attala county was mak-
ing them build a school for the whole county. This is, I
do know, to be an incorrect idea in this case, for this is
not the acts of the board of supervisors of Attala county,
but it is the acts of the McAdams consolidated school dis-
trict, a district that has the power of a municipality, to
tax its district to construct buildings for schools and by
special acts the village of Tishomingo, and the village of
Weir, gave the counties their school buildings, and yet it
is not questioned. No, it is the district issuing these bonds
through the board of supervisors, and counsel would have
poor old man Frank Scarbrough paying a double tax, put
on him by the board of supervisors, and he argues that
it is for support and maintainance. How can it be? This
record does not show that it is in existence, and you can-
not support and maintain until you have a thing proven
to be in existence. It is for the construction, and in the
case of *Bingham* v. *Woodell,* in its elaborate opinion based
upon *Chrisman* v. *Brookhaven,* 70 Miss. 477, it gives coun-
sel a clear conception of the powers of these special school
districts when they say that the districts have the power
to build the school house although it may not be fit for
the use it was created for, and that they had a right to
float the bonds and sell them; that this was a construc-
tive power given them by law and the constitution, and
that the management and support was matters that came
up after, for which the court was not called upon to de-
cide. But the issuance of the bonds did not include that
question, and that question was this exactly. This is to
issue bonds to build school buildings and it is not direct-

ing the management nor the tax to run it, so these administrative matters cannot, according to those cases, come up here; that would have to come up in a different suit, for this is for the purpose of building school buildings, and not the support and maintainance, and the case of *Board of Education* v. *Pridgen,* 106 Miss. 219., cited by counsel, is in support of my position as there the act was to distribute the state township common school funds set apart by the state, more than their share, that was given by donation by a special law, and the case of *Cage* v. *State,* 105 Miss. 326, is certainly an error of the stenographer of counsel, for it is a criminal case, and the opinion is as to several sales being proven in an unlawful retailing charge against the defendant.

And in finality of this question presented by counsel, I simply will try to close this reply, which has been too lengthy, but it being a question of importance to the public educational interest of the whole state, I have tried to give a full and complete history of the laws, and this statute in its construction is to be presumed constitutional, and the decree of the distinguished chancellor must be upheld, if it is not apparent that great injury is the result because of the illegality of the decree, and it is a question of education under the constitution of the state of Mississippi, section 201, where there is a direct command as follows: "It shall be the duty of the legislature to encourage by all suitable means, the subject of education in the state." Now there is a liberal construction put upon the wide latitude given to these school districts and municipalities, and not that rule of strictness that counsel seeks to invoke, and there is for the general welfare, a strict regard given all steps of progress, given each and every step in science and literature, favored because of the public good that may be given, and cannot, by the courts of the country, be constrained to a narrow path, so we say that these powers given are wise and plain and apparent under the history of the educational interest of the state and that it is upheld by the bond attorney of the state, and

the wisdom of the able chancellor, and decided the case on the law and the facts, and is a law copied after the law of the villages of Tishomingo, Weir, and hundreds of other similar cases, and all of this certainly regulates what is meant by the customs and laws of the state as to schools.

And section 90, clause P, refers to all schools under the constitution that have been changed by the general laws of consolidation, such as municipalities, separate school districts, and consolidated districts, which change was made by a general law, are operated and directed under section 201 of the constitution, and a careful observation will disclose this fact, and the McAdams consolidated school district has these powers of taxation, and is operating under section 201 of the Constitution of 1890, of the state of Mississippi, and not that of section 90, clause P.

O. A. Luckett, for appellee.

This is a proceeding to validate five thousand dollars worth of bonds issued by McAdams consolidated school district to aid in the erection of dormitories and a school building for the agricultural high school of Attala county, which was located in said district on the bid of the citizen taxpayers of this district.

There is no contest as to the McAdams consolidated school district being legally constituted and there is no contest as to the legality of the creation of the agricultural high school of Attala county, but the only contest in this case is, as stated in counsel's brief, the constitutionality of the law under which the election in this case was held and bonds issued and sold and also the voidness of the election on account of the fact that it was not held within the time stated in the act, chapter 294, Laws of 1918. The other points in counsel's objections filed by him before the chancellor, pertain to the administrative features of the law and, I suppose, have been abandoned by him, as he makes no reference in his brief to these two points, and that we will confine our brief to the points

raised by counsel for appellant in his brief. *Bingham* v. *Woodell,* 109 Miss. 769.

The constitutional objection raised by counsel is embraced in section 90, paragraph P, of the constitution, which says: "P. Providing, for the management or support of any private or common school, incorporating the same, or granting any such school any privilege." The law under which the bonds in this case were voted is to be found in chapter 294, Laws of 1918.

Before proceeding to examine this act for the purpose of determining whether or not it was violative of any provision of the constitution of the state, it is well to keep in mind the manner in which this examination must be made, that is to say, to become impressed with the caution and care that controls the court when it seizes upon an act of the legislature for the purpose of determining its constitutionality. The well settled rule in this state is, that no act of the legislature will be declared unconstitutional, unless it is manifestly so, so as to exclude every reasonable doubt. We think our court is firmly committed to this view of the law under numerous decisions. For the information of the court on this subject, we refer to the following authorities: *M. & S. Railroad Co.* v. *Cranford,* 99 Miss. 697; *Richards* v. *City Lumber Co.,* 101 Miss. 678.

All acts of the legislature are to be upheld by the court unless it is plainly apparent that they conflict with organic laws, after solving all doubts in favor of their validity. *University of Mississippi* v. *Waugh,* 105 Miss. 623; *State* v. *Jones,* 64 So. 469; *Darnell* v. *Johnson,* 109 Miss. 570.

The court must, before declaring a law unconstitutional, point out the provisions of the constitution which is violated and must be able to hold beyond a reasonable doubt that the act in question conflicts with such provisions. *Johnson* v. *Reeves,* 112 Miss. 227; *State* v. *Wheatly,* 113 Miss. 555. Where two different interpretations of the statute are possible, that which would uphold its validity should be adopted. *State* v. *Wheatley,* 113 Miss. 555.

The most that can be said of this law is that it is a local law. The legislature in its wisdom has seen fit to pass the local law authorizing McAdams consolidated school district, comprising more than twenty-five square miles of territory, to vote bonds to aid in the building, equipment and in any other manner the establishment of an agricultural high school in their midst. Local legislation is not prohibited by the constitution of the state; local laws may be passed where, in the wisdom of the legislature, it is advantageous to pass such laws. Local laws are prohibited from being passed where the local law is enacted for the benefit of individuals or corporations in cases which are or can be provided for by general laws, or where the relief sought can be given by any court of this state. These are the only instances in which the constitution prohibits the passage of local laws, but the same section of the constitution does give power to pass local laws, unless, in the judgment of the legislature, the general law can be made applicable and would be more advantageous. In other words, the power is left in the legislature to pass local laws: First, where the general law cannot be made applicable; and, second, in the case where, even though the general law could be made applicable, it would not be so advantageous as a special law. See section 87 of the constitution.

We say, therefore, that if this act is sought to be invalidated upon the theory that it is a local law, it cannot be nullified for the reason that the constitution does not prohibit the passage of such a law, except in particular cases, and this act does not fall within the class of local acts which the legislature is forbidden to pass.

We come now to the specific section that it is claimed that the act violates, that is, section 90, paragraph P. When the court examines this section it will see that it does not prohibit the legislature from passing local, private or special laws, except in the particular cases enumerated in the paragraph. It was never the purpose of the makers of the constitution to take away from the legis-

lature the power to pass local laws, when in its judgment the legislature thought necessary, else they would have said so in plain language, but they do not do this. Section 87 allows these local laws to be passed and section 90 does not prohibit the passage of local laws, except in certain enumerated cases.

It is claimed by counsel in his brief that paragraph P, section 90, of the constitution, is violated by this special act. This paragraph provides that there shall be no local or special law, "Providing, for the management or support of any private or common school, incorporating the same, or granting such school any privileges." We do not see how the act in question undertakes to do any of the things which is prohibited by paragraph P. The management or support of this consolidated school district and this agricultural high school remains the same, as provided by general laws, it does not incorporate either one, as they have both been incorporated under general laws by the act and resolution of the board of education of this county long prior to the passage of the Law of 1918. There are no special privileges granted this school over any other school and, in fact, the act does not undertake to do any of the things which paragraph P prohibits, the word, "privilege" as used in the Constitution, means immunity or advantage. We quote volume 6, Words and Phrases, in which a multitude of authority is quoted to sustain the text.

Mr. Land, my colleague, has filed an exhaustive brief giving a history of the establishment and creation of the common schools of this state and also the free and public schools, and in this brief he draws a distinction between common schools and free public schools as provided by the law and the constitution. If he is correct in his contention, which I believe he is, then the common schools meant by the constitution were the schools recognized and created by an Act of Congress of 1803, when the Georgia Session was accepted. If this was a school that section 90 means, then it does not apply to a consolidated school or

to an agricultural high school, which does not fall within the definition stated by Mr. Land. This law was intended for the benefit of the agricultural high school of Attala county, which under the law the McAdams consolidated school district had a right to assist in erecting and equipping the buildings and dormitories. Chapter 76 of the Second Volume of Hemingway's Code, authorizes the establishment of agricultural high schools and the manner of their government, the appointment of trustees, the selection of teachers and the appropriation for these schools are all different from that of a common school or a free public school.

The eligibility of pupils is different, the curriculum is different and it cannot be said that they are in any manner a common school. In determining this question this court must be governed by the constitution and laws of Mississippi and the interpretations given by this court upon that constitution and laws, and we cannot go out into foreign states or fields of conjecture, as counsel for appellant has done in his brief to enlighten this court upon the question as to whether the consolidated school district or an agricultural high school is the same as a common school, technically speaking, is concerned. These common schools, as said before, arose and were created when Georgia ceded this territory to the United States. A consolidated school under our present sustem, has more privileges than a common school or a free public school, as the case may be, and its powers are more general and by the Act of 1921, chapter 255, as amended by the Act of 1914, chapter 182, they arise to the dignity of a corporation, if not a municipality. An agricultural high school in a county is a great good and was sufficient consideration to authorize the expenditure of five thousand dollars to help erect these buildings in the midst of this progressive community and the courts look with a great deal of satisfaction at the efforts of the people of the state in erecting in their community, good schools and good churches, and the constitution itself, enjoins upon the legislature the duty

of establishing, as soon as practicable, schools of high grade in the state. Section 201. These consolidated schools and these agricultural high schools are the result of the injunction.

*Turner* v. *Hattiesburg,* 98 Miss. 337. In this case section 90 of the constitution was invoked, but the court properly held that the city of Hattiesburg had a right under the law to vote bonds to build this normal school, even if it was done under a local or special law. At the time section 90 of the constitution was adopted, there was no such thing in the state as a consolidated school or an agricultural high school and this provision of the constitution was aimed at the common schools of the state then being operated.

That part of section 1 of chapter 294 of the Laws of 1918, beginning on line 7, which says: "and in any other way the establishment of an agricultural high school," does not mean any more that the special words used above, in the building and equipment of an agricultural high school, being restricted by *"ejusdem generis."* When special words are used in a statute, followed by words of more general import, the general words are to be limited to the matters, *"ejusdem generis"* with the special words unless the contrary intention appears. *Lienkarf* v. *Barnes,* 66 Miss. 207; *Greenville Ice Co.* v. *Greenville,* 69 Miss. 86.

The courts have been quite liberal in interpreting the laws favorable to the cause of education and we believe that this court will give a just and liberal interpretation to the Acts of 1918 and declare it constitutional.

Sam C. Cook, P. J., delivered the opinion of the court.

This case originated in the chancery court of Attala county, and was a proceeding to validate five thousand dollars of bonds issued by McAdams consolidated school district. These bonds in question were authorized by the legislature, and their validity depends upon the constitu-

tionality of chapter 294, Laws of 1918, entitled: "An act authorizing the board of supervisors of Attala county, Mississippi, to issue bonds for the purpose of building and equipping an agricultural high school in the McAdams consolidated school district." The question arises, and it is the real question in this case, Does chapter 294 of the Acts of 1918 violate section 90, paragraph p, of the Constitution of 1890?

The section of the Constitution referred to takes away from the legislature the power to pass local, private or special laws, providing for the management or support of any private or common school, incorporating the same, or granting such schools any privileges. This was a special act, and we are convinced that it provided for the support of the single school district. In fact the law breathes the breath of life into the one common school.

This is not a new question to this court. It is not uncommon for certain districts to seek special privileges not accorded to other counties, or districts by the general laws of the state. In *Hewes* v. *Langford,* 105 Miss. 375, 62 So. 358, we endeavored to lay down the rule governing cases like the instant case. In that case, as in this case, it is insisted that the situation demands a special treatment, because its troubles are new.

*Reversed and dismissed.*