HAMILTON *et al. v.* BOARD OF SUP'RS OF LAFAYETTE COUNTY *et al.*

(Division A. May 28, 1923.   Suggestion of Error Overruled June 18, 1923.)

[96 South. 465. No. 23429.]

STATUTES. *Local and special law undertaking to validate consolidated school district bonds held unconstitutional; Legislature cannot by special or local act authorize consolidated school district bonds nor validate them after issuance.*

Chapter 464, Laws 1922, which is a local and special statute undertaking to validate the bonds of a consolidated school district, is

unconstitutional, and therefore void because violative of section, 90, par. (p.), of the Constitution, which prohibits the legislature from passing any local, private, or special law "providing for the management or support of any private or comr.on school, incorporating the same, or granting such school any privileges." Under said constitutional provision the legislature cannot by special or local act authorize the issuance of such bonds, nor by the same character of act validate such bonds after their issuance has been provided for.

APPEAL from chancery court of Lafayette county.

HON. J. G. McGOWEN, Chancellor.

Proceeding by the board of supervisors of Lafayette county and Taylor consolidated school district to validate bonds of such district, wherein J. I. Hamilton and others taxpayers filed objection. From a decree validating the bonds, the objecting taxpayers appeal. Reversed, and judgment rendered for the taxpayers.

*Harry M. Bryan,* for appellants.

It is our contention that chapter 464, Laws of 1922, is clearly unconstitutional, null and void, for the following reasons, to-wit: (a) The act is local, special, and private and directly violates paragraph "p" of section 90 of the state constitution. (b) The said act violates article 1, section 1, and section 170 of the state constitution and is an attempt by the legislature to exercise judicial functions. (c) The said act is a denial to appellants of due process of law. (d) The said act seeks to deny to appellants their suffrage rights guaranteed by the constitution.

In the first place, not only is it a fact that there was no notice of an election given prior to the issuance of these bonds, but such fact was determined by express order of the board of supervisors of Lafayette county at the time of calling another election.

Likewise, the proof of publication filed in the papers shows definitely that this is true. In *Monroe County to Use of Splunge Consolidated School District* v. *Minga et al.,* 90 So. (Miss.) 443, it was decided that bonds is-

sued without the notice required by chapter 207 of the Laws of 1920, were absolutely null and void.  Bear in mind that at the time of ordering the election in the instant case and at the time the board declared the election to be void, chapter 207 of the Laws of 1920, comprised full jurisdictional directions to be observed by the board in predicating this issue.  The said order of the board declaring the election to be void was entered on March 7, 1922, and the act of the legislature referred to above was approved April 4, 1922.

*Haley* v. *State,* 108 Miss. 899, 67 So. 498, held that: "By section 170 of article 6 of the constitution, board of supervisors are made a part of the judicial department of the state."  The above being true, the legislature clearly exceeded its constitutional authority in declaring the abovementioned election held on March 4, 1922, to be valid both as to its calling and holding.  Since when has the legislature been given constitutional power to determine matters of fact in the face of a judicial board?  The minutes of the board say on their face that there was no legal election—the legislature says that not only was there an election but that it carried.  *Lawson* v. *Jeffries,* 47 Miss. 686, holds that the separation of the legislative, judicial, and executive powers of the government is fundamental both under the Federal and state constitutions and cannot be violated even by the ordinance of a constitutional convention.  See 12 C. J. 807; *Boutwell et al.* v. *Board of Supervisors of Jasper County,* 91 So. (Miss.) 12; *Barrett* v. *Cedar Hill Consolidated School District,* 123 Miss. 370, 85 So. 125; *Edwards* v. *Board of Supervisors,* 124 Miss. 165, 87 So. 8; *Adams* v. *Bank,* 103 Miss. —, 60 So. 770.  The case of *Scarborough* v. *McAdams Consolidated School District,* 124 Miss. 844, 87 So. 140, is decisive of the question of the validity of these bonds.

It may be called by another name, but any act of the legislature of Mississippi which flatly contradicts an order of the board of supervisors of Lafayette county as to the holding of an election—its legality and how it re-

sulted—and authorizes the board to issue the bonds of a
single, isolated, named district is a local private, or
special law within the express condemnation of the para-
graph of the section referred to above.

I should here like to call to the attention of the court
the cases cited by the late HON. J. B. HARRIS, State's Bond
Attorney, in his opinion filed in the papers of this cause:
*Griffith* v. *Mayor, etc. Vicksburg,* 102 Miss. 1, 58 So. 781.
The validating act therein construed was a general stat-
ute applicable to "municipal bonds heretofore authorized
by a majority of the qualified electors thereof voting,"
etc. It was effective throughout the state and applicable
to a general class. *Bacot* v. *Hinds County,* 86 So. 765.
The main question in that case was the constitutionality
of chapter 28, Laws Ex. Sess. 1917, creating a state's bond
attorney. The court did say, however, "Except in so far
as the constitution may otherwise provide, the legislature
has full power to provide both for the issuance of bonds
by municipalities, counties, and other public bodies of like
character, and for the validation before their issuance of
bonds proposed to be issued by such bodies without au-
thority so to do, so that chapter 28, Laws Ex. Sess. 1917,
is valid unless it violates some provision of either the
state or Federal constitution." It will be noted that the
bonds sought to be validated were road bonds—a field not
prohibited by section 90 of the state constitution. *Parker*
v. *Board of Supervisors of Grenada County,* 88 So. 172,
held that road bonds issued under the general statutes,
chapters 207 and 276 of the Laws of 1920, and validated
under the State Validation Act of 1917, could not be at-
tacked after the decree of the chancellor was entered con-
firming and validating said bonds.

In not a single one of the cases cited by the State's Bond
Attorney were the bonds issued for purposes enumerated
in section 90 of the state constitution. *Middleton* v. *City
of St. Augustine,* decided by the supreme court of Florida,
29 So. 421, and cited by counsel for appellees in the presen-
tation of this case below, simply referred to "the rule in

respect to statutes curing defects in legal proceedings, where they amount to mere irregularities, not extending to matters of jurisdiction, and in the absence of constitutional limitations." See *Town of Enterprise* v. *State,* 10 So. 740; *City* v. *Stamps,* 62 Iowa, 303, 17 N. W. 518, holding: "The legislature, prohibited by constitution, art. 3, section 30, from making local or special laws, cannot indirectly accomplish that result by an act validating a void municipal ordinance." *Read* v. *City of Plattsmouth,* 107 U. S. 568, 2 Sup. Ct. 208, 27 L. Ed. 414, is distinguishable.

It is my firm conviction that one of the outstanding reasons for the unusually high taxation that is burdening the people of the state today is the ease in which solemn obligations, such as bonds and certificates of indebtedness, are issued. For some reason we have drifted into a system of lavish public spending. This cause presents a monumental example of how an issue can be made without the approval of a majority of the qualified electors of a district.

*L. C. Andrews,* for appellees.

The contention of appellants is that chapter 464, Laws of 1922, is unconstitutional, null, and void, in that it is special and private legislation, and is an attempt by the legislature to exercise judicial functions, and is a denial to appellants of due process of law and their suffrage rights. An examination of the authorities discloses that the act is neither special nor private legislation. It is a curative act and one which the legislature had full power to enact. There is no doubt about the act being constitutional and that the legislature had full power to authorize these bonds in the first instance without an election and without previous notice to the taxpayers. What the legislature could have done in advance it can do subsequently; there being no constitutional limitation upon the legislature effecting this act. See *Griffith* v. *Vicks-*

*burg,* 102 Miss. 1; *Bacot* v. *Hinds County,* 86 So. 765, 124 Miss. 231; and *Parker* v. *Board of Supervisors of Grenada County,* 88 So. 172, 9 R. C. L. 1099; *Charlotte Harbor & N. Ry. Co.* v. *Wells, et al., Board of Commissioners of De-Soto County,* Vol. 43, No. 1, advance sheets U. S. Rep. 4.

The contention that because the board of supervisors declared the election void the legislature was without power to pass the act curing the defect in the notice given is without merit. *Givens* v. *Hillsborough County, et al.,* 35 So. 90.

The contention of appellant is that such legislation is a usurpation of judicial power by the legislature, and in contravention of the distribution of governmental powers made by the constitution of the state. The curative act did not question the correctness of this decision, nor attempt to adjudicate the regularity of the previous acts of the county commissioners, but, recognizing the binding force of the judgment of the court, undertook to confer authority where before there was none. The contention that the act is special or private legislation is also without merit. A statute intended to remedy or cure some particular condition is not regarded as special legislation as is illustrated by laws curing defects in the organization of road and school districts. *State* v. *Squires,* 26 Iowa, 340; *State, ex rel, West* v. *Des Moines,* 31 L. R. A. 186, 90 N. W. 527. The rule that curative acts are not necessarily special legislation was approved by the supreme court of the United States in *Reed* v. *Plattsmouth,* 107 U. S. 568; *Newton County* v. *Green,* Amer. Ann. Cas. 1914 C, 492, 149 S. W. 73.

Argued orally by *Harry M. Bryan* for appellants and *L. C. Andrews* for appellees.

Anderson, J., delivered the opinion of the court.

This is a proceeding by the board of supervisors of La-fayette county and Taylor consolidated school district, appellees, under chapter 28, Laws of 1917, and amendments thereto to validate fourteen thousand, five hundred dollars of bonds of the Taylor consolidated school district in

said county.  Objection to the validation of said bonds
was filed by appellants, Hamilton, Walker, and Taylor,
taxpayers and qualified electors of said school district.
There was a trial before the chancery court under said
validation act and a final decree rendered validating said
bonds, from which appellants prosecute this appeal.

It is contended on behalf of appellants, and the con-
tention is conceded by appellees, that unless the bonds in
question are rendered valid by the curative act (chapter
464, Laws of 1922), they are void.  Said statute, as its
title imports, is simply a local and special act applying
alone to this particular consolidated school district by
name, by the terms of which it seeks to remedy and cure
all defects in the proceedings providing for the issuance
of these identical bonds.  Appellants contend that this
curative act is violative of section 90, par. (p), of the Con-
stitution, which provides that the legislature shall not
pass any local, private, or special law "providing for the
management or support of any private or common school,
incorporating the same, or granting such school any priv-
ileges."  Although it is not expressly conceded by appel-
lees, it is true nevertheless, that if the issuance of these
bonds had been authorized by a local or special law, such
statute would have been void under the constitutional
provision in question, for this court distinctly so held in
*Hewes* v. *Langford,* 105 Miss. 375, 62 So. 358, and *Scar-
brough* v. *McAdams Consolidated School Dist.,* 124 Miss.
844, 87 So. 140.

In the Hewes case chapter 288, Laws of 1912, author-
izing the school board of Harrison county to establish a
particular separate school district in that county, was
under consideration.  It was clearly a local and special
act.  The court held that the statute was violative of sec-
tion 90, par. (p), of the Constitution.

In the Scarbrough case the court considered chapter
294, Laws of 1918, a local and special act authorizing the
board of supervisors of Attala county to issue bonds for
the purpose of building and equipping a high school "in
the McAdams consolidated school district."  The court

held that a consolidated school was a common school of the state, and that said statute violated the constitutional provision in question. The statute is sought to be upheld by *Griffith* v. *Mayor of Vicksburg,* 102 Miss. 1, 58 So. 781; *Bacot* v. *Hinds County,* 124 Miss. 231, 86 So. 765; and *Parker* v. *Grenada County,* 125 Miss. 617, 88 So. 172.

The Griffith case involved the validity of bonds of the city of Vicksburg issued for the construction of a water-works plant for said municipality. Chapter 126, Laws of 1912, under which the court held the bonds validated, was a general statute applying to all municipalities in the state, the purpose of which was to validate all municipal bonds theretofore authorized by vote of the qualified electors of any municipality, where the municipality had failed to take some necessary steps for the legal issuance of the bonds. The court said in that case that the legislature under the Constitution had the power to subsequently ratify any unauthorized act which it had the power to authorize in advance.

The Bacot case involved the constitutionality of chapter 28, Laws of 1917, creating the office of state bond attorney and providing a method for the validation of municipal bonds. The act was upheld. The legality of road bonds was the question passed upon in that case. The court held that the legislature had the power to provide for the issuance of bonds of counties, municipalities, and other political subdivisions of the state as well as for the validation thereof under said act prior to their issuance and sale.

In the Parker case it was held that after the bonds had been validated by a decree of the chancery court under chapter 28, Laws of 1917 (said validation statute), they could not be questioned; that such a decree was conclusive.

These cases are not in conflict with the Hewes and Scarbrough cases. Entirely different questions, as will be seen, were involved. The question is simply whether under this constitutional provision the legislature can do

by a curative statute that which it could not authorize in advance. We say it cannot. It cannot do by indirection what it could not do directly. To hold otherwise would to a large extent nullify the constitutional inhibitions against local, special, or private legislation contained in section 90 of our Constitution. *Stange* v. *City of Dubuque,* 62 Iowa, 303, 17 N. W. 518; *Enterprise* v. *State,* 29 Fla. 128, 10 So. 740.

Reversed, and judgment here for appellants.

*Reversed.*